IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CLIMATE CHANGE TRUTH, INC.,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**JUDGE CHARLES BAILEY** and **JIM SHIPLEY**,<br><br>　　　　　Defendants. | Case No. 3:22-cv-654-AR<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

On May 4, 2022, Plaintiff Climate Change Truth, Inc., a non-profit corporation, filed this case in federal court purporting to represent itself or to be represented by David White, its President and board member. Mr. White, however, is not an attorney. Service of process has not yet occurred. Plaintiff also filed an application with the Court to proceed *in forma pauperis* (IFP). Plaintiff asserts that the Court has jurisdiction based on federal question. Plaintiff lists the federal law at issue in this case as "501C3 non-profit rules and regulations." Plaintiff further moves for the appointment of volunteer pro bono counsel, for a temporary restraining order (TRO), and for *pro se* access to the Court's CM/ECF filing system.

PAGE 1 – OPINION AND ORDER

Defendants are State Judge Charles Bailey, the State court judge presiding over Mr. White's pending divorce proceeding and Mr. Jim Shipley, the attorney representing Mr. White's estranged wife. Plaintiff seeks an injunction to prevent Judge Bailey from ordering production of Plaintiff's bank records at a hearing that Mr. White states is scheduled in the divorce proceeding. Plaintiff also notes that Mr. White is "in contempt" with respect to using Plaintiff's funds for personal use, although it is unclear whether Judge Bailey has made any such formal finding of contempt. In addition to injunctive relief, Plaintiff requests $2,000 in damages from Mr. Shipley for the attorney's fees that Mr. White states he had to pay relating to the use of Plaintiff's funds for Mr. White's personal use and $3,000 (from one or both Defendants) to compensate Mr. White for his personal time in dealing with that issue, even though Mr. White is not a plaintiff in this lawsuit.

As explained further below, there are several problems with Plaintiff's Complaint and motion for TRO. First, a corporation may not represent itself in federal court but must instead be represented by an attorney. Second, Plaintiff fails to allege sufficient facts showing that this Court has subject matter jurisdiction. Third, the claims alleged (and the relief sought) by Plaintiff against Judge Bailey are barred both by the doctrine of judicial immunity and the Anti-Injunction Act. Fourth, the Court is prohibited from considering this case under the *Younger* abstention doctrine. Accordingly, for the reasons stated below, this case is dismissed without prejudice and all of Plaintiff's motions are denied.

**A. Plaintiff's Purported Self-Representation**

A *pro se* litigant who is not a licensed attorney cannot represent a business entity in federal court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 195 (1993) (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing cases)). "The rule requiring corporations to

have counsel rather than to proceed in litigation pro se applies even if the corporation is a non-profit corporation." *Her Oceans v. Cmty. Outreach Behav. Servs., Inc.*, 2021 WL 3172914, at *1 (D. Idaho July 27, 2021).

Mr. White states that he represents Plaintiff, a non-profit business corporation. Mr. White, who is not a licensed attorney, may not represent Plaintiff in federal court. *Id.* Thus, this case may not proceed, even if all the other issues are cured, until Plaintiff is represented by counsel.

**B. Standards of Review for *Pro Se* Pleadings**

Although Plaintiff may not proceed *pro se*, for judicial efficiency the Court will review the sufficiency of Plaintiff's Complaint, using the standards governing review of *pro se* filings. Congress established that when a complaint is filed by a plaintiff proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

Self-represented, or *pro se*, plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**C. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint,

whether upon the motion of a party or *sua sponte*. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that this Court has federal question jurisdiction. Plaintiff contends that the federal law governing this case are the rules and regulations governing 501(c)(3) corporations. The facts alleged by Plaintiff, however, do not show that there is any dispute about the rules or regulations governing 501(c)(3) corporations. Plaintiff admits that funds of a 501(c)(3) corporation are not allowed to be used for personal use. Plaintiff contends, however, that the attorney for Mr. White's estranged wife told Mr. White to use the non-profit's funds for personal use. Thus, this dispute appears not to be centered on what the 501(c)(3) regulations permit or mean, but rather about what Mr. Shipley represented to Mr. White and whether that representation should result in some kind of order or estoppel in the divorce proceeding. Plaintiff does not allege any specific 501(c)(3) regulation that Plaintiff alleges is disputed or needs to be construed to resolve the issues in this case. Thus, Plaintiff alleges insufficient facts to show that federal law governs this dispute.

**D.  Judicial Immunity**

Judges are absolutely immune from liability for monetary damages as a result of judicial acts performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 937 n.1 (9th Cir. 2020); *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (*superseded by statute on other grounds*). A judge also is entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief [is] unavailable." 42 U.S.C. § 1983. To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction. *Stump*, 435 U.S. at 356-57. "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *McGuire v. Clackamas*

*Cnty. Counsel*, 2009 WL 4456310, at *4 (D. Or. Nov. 24, 2009) (citing *Stump*, 435 U.S. at 362). Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *see also Stump*, 435 U.S. at 355-56 ("[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judicial immunity applies, 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)).

Plaintiff requests prospective injunctive relief against Judge Bailey. Plaintiff does not bring a claim under 42 U.S.C. § 1983; nor does Plaintiff allege facts showing either that a prior declaratory decree was violated by Judge Bailey or that declaratory relief is unavailable. Thus, injunctive relief against Judge Bailey is not available to Plaintiff, and Judge Bailey is entitled to absolute judicial immunity.

**E.  Anti-Injunction Act**

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, the U.S. Supreme Court held that the Anti-Injunction Act is an absolute prohibition against a district court's enjoining state actions unless one of the three statutory exceptions has been met. 398 U.S. 281, 286 (1970). Because the "statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts," federal courts must construe these three exceptions narrowly. *Id.* at 287; *see also Negrete v. Allianz Life Ins. Co. of*

*N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008). "Any doubts as to the propriety of a federal injunction . . . should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line*, 398 U.S. at 297. "Proceedings in state courts[, thus,] should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." *Id.* at 287.

The first and third statutory exceptions do not apply—this Court has not entered any orders or judgments, and there is no federal statute authorizing a district court to enjoin a state divorce proceeding. *See, e.g.*, *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020); *Lyons v. Does*, 2022 WL 329268, at *3 (S.D.N.Y. Feb. 3, 2022). The second exception generally "applies to in rem proceedings where the federal court has jurisdiction over the res and the state court proceedings might interfere with that." *Negrete*, 523 F.3d at 1101. This principle, however, "does not authorize interference with parallel in personam state actions merely because the state courts might reach a conclusion before the district court does." *Id.*

Plaintiff's state and purported federal cases are in personam actions with jurisdiction over the parties. They are not in rem actions with jurisdiction over the bank account. Thus, even if the Court had jurisdiction over this case and Judge Bailey did not have absolute judicial immunity, the Anti-Injunction Act would prevent the Court from issuing the requested injunction.

**F.   *Younger* Abstention**

The *Younger* doctrine, as described in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, is based on the interests of comity, federalism, and economy that counsel federal courts to maintain respect for state functions and not unduly interfere with certain ongoing state proceedings. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (1989). Under this doctrine, a federal court abstains from hearing a case when there are ongoing

state proceedings at the time the federal case is filed that fall within at least one of three categories of cases: (1) state criminal proceedings; (2) state civil enforcement proceedings; and (3) state "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (quoting *New Orleans*, 491 U.S. at 367-68) (quotation marks omitted). It also applies to actions seeking declaratory and injunctive relief. *Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

> Under *Younger* abstention, a federal court must abstain when four requirements are met:
>
> > (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). The Ninth Circuit instructs that "when a district court abstains from considering a damages claim under *Younger*, it must *stay*—rather than dismiss—the damages action until state proceedings conclude." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1042 (9th Cir. 2019) (emphasis in original).

The burden to prove that a federal plaintiff did not have the ability to present his or her federal claim in the state proceedings rests on the federal plaintiff. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987). A federal plaintiff is considered not to have an opportunity to litigate his or her federal claim "only when state procedural law *bars* presentation of the federal claims." *Hirsh*, 67 F.3d at 713 (emphasis in original); *see also Pennzoil*, 481 U.S. at 14 (holding that federal plaintiff must show "that state procedural law barred presentation of its claims" to show that state judicial review is inadequate).

PAGE 8 – OPINION AND ORDER

A plaintiff must exhaust all of his or her state court appeals before *Younger* abstention will no longer apply. As the Supreme Court has explained:

> For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign. For the same reason, a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court. "[A] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court."

*New Orleans*, 491 U.S. at 369 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)) (alterations in original).

Plaintiff requests that this Court enjoin the State judge from either obtaining Plaintiff's bank records for the court or ordering Plaintiff to produce the bank records to Mr. White's wife (it is unclear from Plaintiff's papers to whom the records would be produced). The records appear to be relevant to the issue in Mr. White's divorce of whether Mr. White used Plaintiff's corporate funds for personal use.

The underlying divorce proceeding in state court that Plaintiff wishes to enjoin is a state civil proceeding involving orders that are uniquely in furtherance of the state courts' ability to perform its judicial functions. "[T]here is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law." *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987). When family law is at issue, federal courts have held abstention is "particularly appropriate." *Friends of Children, Inc. v. Matava*, 766 F.2d 35, 37 (1st Cir. 1985). The Ninth Circuit has recognized:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their

PAGE 9 – OPINION AND ORDER

> borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in [such] cases appropriate.

*Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (quoting *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983)).[1]

Plaintiff also states that Mr. White is "in contempt" for using Plaintiff's funds for landscaping Mr. White's front yard. If the state court has issued a contempt order, there is an even greater State interest in further adjudicating and enforcing its orders and judgments.

Regarding the four factors, the state case is ongoing, and Plaintiff asserts that there is a hearing scheduled on that issue. As discussed above, this question implicates an important state interest. For the third factor, Plaintiff (or Mr. White) appears to be able to raise in state court any argument regarding 501(c)(3) regulations or any other state or federal authority to prevent Plaintiff from being required to disclose its bank records. Finally, Plaintiff specifically requests an injunction against state court proceedings. Thus, abstention under *Younger* is appropriate.

**G.  Motion to Proceed IFP**

The ability to proceed IFP is codified in 28 U.S.C. § 1915. The Supreme Court analyzed this statute in *Rowland* and held that a "person" within the meaning of the statute was only applicable to individuals and not applicable to artificial entities such as corporations. *Rowland*, 506 U.S. at 201, 211-12. The Supreme Court explained that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.*, at 203 (simplified). The

---

[1] Plaintiff does not allege a constitutional violation, which the Ninth Circuit has recognized that, even in the family law context, may counsel against abstention. *See Cook v. Harding*, 879 F.3d 1035, 1040 (9th Cir. 2018) ("Indeed, the law of domestic relations often has constitutional dimensions properly resolved by federal courts. *See, e.g.*, *Obergefell v. Hodges*, 57 U.S. 644 (2015); *Loving v. Virginia*, 388 U.S. 1 (1967).").

Supreme Court then noted that poverty is "a human condition" and that "whatever the state of its treasury, an association or corporation cannot be said to lack the comforts of life." *Id.* (simplified). "Artificial entities may be insolvent, but they are not well spoken of as 'poor.'" *Id.* Because corporations do not need food or shelter in order to survive demanding court fees cannot deprive an artificial entity of the "necessities of life." *See id.* at 206. Under *Rowland*, Plaintiff may not proceed IFP.

### H.  Motion for Appointment of Counsel

*Rowland's* analysis is also dispositive of Plaintiff's motion for appointment of pro bono counsel. The appointment of volunteer pro bono counsel is set forth in § 1915(d) and references "person" the same as the other provisions of § 1915. Indeed, the Supreme Court in *Rowland* cited the attorney provision as a basis for construing the IFP provision as not applying to entities. *See Rowland*, 506 U.S. at 201-03. Thus, regardless of the other defects in Plaintiff's filings, the Court must deny this motion.

### I.  Conclusion

Plaintiff, a corporation, may not represent itself in federal court. Additionally, the claims against Judge Bailey are barred by judicial immunity and the Anti-Injunction Act. Plaintiff also fails sufficiently to allege federal court subject matter jurisdiction, and the Court must abstain from considering this case under the *Younger* doctrine. Because Plaintiff fails to allege jurisdiction and improperly brought this case *pro se*, the Court dismisses, rather than stays, Plaintiff's remaining claim for damages against Mr. Shipley.

The Court DISMISSES Plaintiff's Complaint (ECF 2), DENIES Plaintiff's Request to Proceed IFP (ECF 1), and DENIES ALL PENDING MOTIONS (ECF 4, 5, and 6). Plaintiff may not file an amended complaint against Judge Bailey. Plaintiff may file an amended complaint not later than June 3, 2022, against Mr. Shipley, if Plaintiff can cure the defects identified in this

Opinion and Order, including obtaining counsel or bringing the action in the name of Mr. White. Any amended complaint, however, will be stayed under *Younger* until after Mr. White has exhausted his pending state case, including all appeals.

**IT IS SO ORDERED.**

DATED this 5th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
